

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

SEP 29 2014

JAMES W. McCORMACK, CLERK
By: _____ DEP CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | |
|---|---|
| DONETRIA YANCY and DARIUS KEON BRANCH, <br><br> Plaintiffs, <br><br> v. <br><br> AMERICA'S PREOWNED SELECTION, LLC, <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) |

CIVIL ACTION NO: 4:14 cv 582 SWW

This case assigned to District Judge Wright
and to Magistrate Judge Volpe

## NATURE OF ACTION

1. This is an action brought under the Truth in Lending Act, 15 U.S.C. § 1601 *et seq.* and its implementing Regulation Z, 12 C.F.R. Part 226 (collectively, "TILA").

## JURISDICTION AND VENUE

2. This Court has jurisdiction under 15 U.S.C. § 1640(e) and 28 U.S.C. § 1331.

3. Venue is proper before this Court pursuant to 28 U.S.C. § 1391(b), where the acts and transactions giving rise to Plaintiff's action occurred in this district, and where Defendants transact business in this district.

## PARTIES

4. Plaintiffs, Donetria Yancy and Darius Keon Branch ("Plaintiffs"), are natural persons who at all relevant times resided in the State of Arkansas, County of Pulaski, and City of North Little Rock.

1

5. Defendant America's Preowned Selection, LLC ("Defendant") is an Arkansas limited liability company who at all relevant times was engaged in the business of selling and financing motor vehicles.

6. At all relevant times, Defendant, in the ordinary course of its business regularly extended or offered to extend consumer credit for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments, and is the person to whom the transaction which is the subject of this action is initially payable.

7. Defendant is a "creditor" within the meaning of TILA, 15 U.S.C. § 1602(g) and Regulation Z, 12 C.F.R. 226.2(17).

## FACTUAL ALLEGATIONS

8. In the ordinary course of its business, Defendant regularly extended or offered to extend consumer credit to Plaintiff for which a finance charge is or may be imposed or which, by written agreement, is payable in more than four installments.

9. On February 13, 2014, Plaintiffs purchased a 2005 Land Rover Range Rover from Defendant.

10. Plaintiffs purchased the vehicle for their own personal purposes, and not for any commercial or business purpose.

11. Plaintiffs financed the purchase of the vehicle through Defendant.

12. When Plaintiffs inquired as to why the purchase price of the vehicle seemed to high, Defendant advised that the amount included a $2,500 finance charge.

13. Defendant never provided Plaintiff with the disclosures mandated by TILA, such as the finance charge, amount financed, or annual percentage rate, prior to the extension of credit to Plaintiffs.

14. Defendant never provided Plaintiffs with a copy of the disclosure statement mandated by the TILA, such as the finance charge, amount financed, or annual percentage rate, in a written form that Plaintiffs could keep.

## COUNT I
## VIOLATION OF 15 U.S.C. § 1638(a)

15. Plaintiffs repeat and re-allege each and every factual allegation above.

16. The TILA demands that a creditor provide the disclosures required under TILA to the consumer before credit is extended, and in a written form that the consumer can keep. 15 U.S.C. § 1638(b)(1); 12 C.F.R § 1026.17(a)(1).

17. Defendant violated the disclosure requirements of 15 U.S.C. § 1638(a) by failing to provide a disclosure statement to Plaintiffs, in a written form the consumer could keep, prior to the extension of credit.

WHEREFORE, Plaintiffs pray for relief and judgment, as follows:

a) Adjudging that Defendant violated 15 U.S.C. § 1638(a) and Regulation Z, 12 C.F.R § 1026.17(a)(1);

b) Awarding Plaintiffs statutory damages, pursuant to 15 U.S.C. § 1640(a)(2), in the amount of twice the finance charge;

c) Awarding Plaintiffs reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. § 1640(a)(3);

d) Awarding Plaintiffs any pre-judgment and post-judgment interest as may be allowed under the law;

a) Awarding such other and further relief as the Court may deem just and proper.

## TRIAL BY JURY

18. Plaintiffs are entitled to and hereby demand a trial by jury.

Dated: September 24, 2014.

Respectfully submitted,

Russell S. Thompson, IV (029098)
Thompson Consumer Law Group, PLLC
5235 E. Southern Ave., D106-618
Mesa, AZ 85206
602-388-8898
866-317-2674 facsimile
rthompson@consumerlawinfo.com

*Lead Counsel for Plaintiff*